Kerry S. Doyle, Esq.
Nevada Bar No. 10866
DOYLE LAW OFFICE, PLLC.
4600 Kietzke Lane, Suite I-207
Reno, NV 89502
kerry@rdoylelaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# IN AND FOR THE STATE OF NEVADA

| | |
|---|---|
| MARY LOHNES, an individual;<br><br>                          Plaintiff,<br>vs.<br><br>WASHOE COUNTY, a public agency, and DOES I-X;<br><br>                          Defendants.<br>_____/ | Case No: cv-19-287<br><br>**COMPLAINT**<br><br>**Jury Demanded** |

Plaintiff, MARY LOHNES, an individual, by and through her counsel of record, DOYLE LAW OFFICE, PLLC, and Kerry S. Doyle, Esq. hereby makes her complaint against WASHOE COUNTY operating the Washoe County Library as follows:

## JURISDICTION AND VENUE

1. This suit is brought under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA").

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. Venue is proper in Northern Nevada because the events that gave rise to this complaint occurred in Washoe County.

4. All the unlawful employment practices alleged herein were committed within the state of Nevada.

5. Plaintiff Mary Lohnes is a citizen of the United States and the State of Nevada who resides in Washoe County.

1

6. Mary Lohnes began working for Washoe County in the Washoe County Library system in May 1997 and worked full-time during the twelve months prior to her requesting leave pursuant to the FMLA. Therefore, she is an eligible employee within 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

7. Defendant Washoe County is a public agency and therefore an "employer" as defined by 29 U.S.C. § 2611(4)(A).

8. At all times relevant herein, individual members, elected officials, appointees, agents, employees, servants, and/or joint venturers of Washoe County acting within the course and scope of their employment or agency engaged in acts in violation of the FMLA, United States Constitution, Federal law, state law, and/or common law as alleged herein and legally and proximately caused some or all of the damages identified herein. Lohnes is currently ignorant of the true identities of these Parties, and therefore, sues these Defendants by fictitious names DOES 1 through 20. Lohnes will amend this Complaint to allege the true names, acts, and capacities of these Defendants as soon as they are ascertained.

9. Washoe County participated, directed, approved, ratified, and condoned the acts complained of herein, and therefore is liable for all acts of its individual members, elected officials, appointees, agents, employees, and servants, through respondeat superior, agency, or as joint venturers.

**GENERAL ALLEGATIONS**

10. Mary Lohnes began working for Washoe County as a library aide in 1997 and advanced through the ranks over time. Beginning in 2001, Lohnes was assigned to the Downtown Reno Library, a location with particular challenges in the most urban setting for any of the Washoe County libraries.

11. After Lohnes had been serving at the downtown location for nearly fourteen years, the Washoe County Library Board of Trustees hired a new director, Jeff Scott, in December 2015.

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com

2

12. While Scott was settling into his role, Lohnes was experiencing personal difficulty as she needed to care for her aging mother.

13. Lohnes moved her mother into her home and, in December 2016, requested and was granted intermittent leave pursuant to the FMLA to care for her mother.

14. Working at the Downtown Reno location meant that Lohnes was only six minutes from home, so she could respond to her mother's emergencies while maintaining her career.

15. On May 30, 2017, Lohnes's direct supervisor, Scottie Wallace, informed Lohnes that Director Scott was ordering transfers of several long-time library employees, and that Lohnes was to be transferred to the Spanish Springs location.

16. The next day, Lohnes informed her supervisor and Director Scott that the proposed transfer would cause a hardship because of Lohnes's FMLA leave.

17. To be clear, the Spanish Springs location was more than five times further from Lohnes's home than the Downtown Reno location, increasing her commute time significantly and decreasing her ability to respond to emergent situations – the major purpose of her intermittent FMLA leave.

18. Scott initially agreed to postpone Lohnes's transfer until September 2017, however, he announced the transfer on June 6, 2017.

19. Between June 2017, and September 2017, Lohnes continued to work at the Downtown Reno location, which also houses the administrative offices for Washoe County Libraries and therefore Scott's office.

20. Scott, who had previously been cordial to Lohnes, began treating her with contempt, questioning her work product, undermining her decisions and otherwise harassing her for invoking her rights under the FMLA.

21. Although Scott had been directly and repeatedly informed that a transfer would impose a hardship on Lohnes, in August 2017, Scott directed Wallace to inform Lohnes that her transfer would be effective after Labor Day.

Doyle Law Office

Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889

kerry@rdoylelaw.com

3

22. Wallace, Lohnes's direct supervisor, again appealed to Scott, stating that the transfer would cause a hardship to Lohnes and that other options were available.

23. Scott rebuffed Wallace's attempts to forestall the transfer, claiming that it would not be "fair" to transfer other employees and not Lohnes.

24. On August 24, 2017, Lohnes filed a formal grievance claiming that the transfer would violate the FMLA because it would impose a hardship and that she had suffered retaliation and harassment since asserting her rights under the FMLA.

25. Despite filing the grievance, Lohnes reported to the Spanish Springs location and continued to perform to the best of her ability.

26. The transfer, however, caused Lohnes immeasurable stress because she was so far from her mother and concerned that she would be unable to timely respond to emergency situations.

27. The transfer also forced Lohnes to take more leave than she desired to because she was unable to quickly check on her mother and return to work on lunch or other breaks as she could have without taking leave from the Downtown Reno location.

28. The transfer additionally increased the wear and tear on Lohnes's car and her costs to commute, causing an economic hardship.

29. Scott responded to the grievance without addressing the specific protections of the FMLA, asserting that it only protected her right to take leave without losing her job.

30. Lohnes continued her challenge, filing a level two grievance, in October 2017, detailing the hardships that the transfer imposed, including the stress created for her by not being able to timely respond to emergency situations.

31. In November 2017, Lohnes's grievance was upheld, recommending that Lohnes be transferred back to the Downtown Reno location, or, if that was impossible as represented by the County, to the closer-to-home Sierra View location.

32. Scott determined that Lohnes would be transferred to the Sierra View location instead of, as was most appropriate, returning Lohnes to the shift and location to which she was assigned while on intermittent FMLA leave.

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com

4

33. While Lohnes was pursuing her grievances, another employee asked to be transferred back to her original location. Although that employee was not protected by the FMLA, Scott approved the return transfer.

34. Lohnes reported to the Sierra View location after the resolution of her level two grievance, but the stress of being further from her home, being required to change her work schedule so that she did not have the same days off, and continued retaliation against Lohnes by Scott ultimately lead to her constructive termination.

35. Lohnes resigned effective July 2018.

36. Prior to her resignation, Lohnes filed a complaint for Washoe County's violations of the FMLA with the Department of Labor.

37. The Department of Labor substantiated Lohnes' claims that Washoe County violated 29 C.F.R. §§ 825.204(d), 825.220(a), & 825.300(d), by transferring her to a work location that created a hardship, harassing her in retaliation for exercising her FMLA rights, and failing to provide a timely eligibility notice.

38. As a result of Scott's interference with and retaliation for Lohnes's exercising her FMLA rights, Lohnes was forced to buy time to allow her to retire, the amount of her retirement benefit was decreased, she lost longevity pay, and was deprived of earning 200 hours of annual leave.

### FIRST CAUSE OF ACTION

**Interference with and Restraint of FMLA rights**

39. Lohnes incorporates and restates each of the above paragraphs as if fully set forth herein.

40. In granting Lohnes request for FMLA leave, Washoe County recognized that she was eligible for and entitled to FMLA leave through December 2018.

41. Washoe County is a public agency and therefore is a covered employer under the FMLA.

42. Lohnes was denied FMLA benefits to which she was entitled under the FMLA when she was transferred to a work location that created a hardship.

Doyle Law Office

Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com

5

43. Lohnes was denied benefits to which she was entitled when she was harassed and retaliated against for invoking her rights.

44. The interference was willful because Scott persisted in the transfer and retaliation despite being informed regarding the hardship it would cause on several occasions.

45. The willfulness is further illustrated by Scott's decision to transfer an employee without FMLA benefits who complained about the hardship of a transfer.

46. As a direct and proximate result of Washoe County's willful violations Lohnes suffered monetary damages in loss of pay, benefits, compensation and leave.

47. As a direct and proximate result of Washoe County's willful violations Lohnes incurred attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Retaliation for Exercise of FMLA rights

48. Lohnes incorporates and restates each of the above paragraphs as if fully set forth herein.

49. Lohnes asserted her rights under the FMLA to be protected from a transfer that would create a hardship.

50. Washoe County denied her that protection and retaliated against her for asserting it by creating a hostile work environment.

51. Washoe County repeatedly denied Lohnes's requests to return to the Downtown Reno location despite allowing a transfer for an employee who was not protected by the FMLA.

52. As a direct and proximate result of Washoe County's willful violations Lohnes suffered monetary damages in loss of pay, benefits, compensation and leave.

53. Lohnes was constructively terminated as a result of Washoe County's retaliatory harassment.

54. As a direct and proximate result of Washoe County's willful violations Lohnes incurred attorneys' fees and costs.

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com

WHEREFORE, Lohnes prays for judgment against Washoe County as follows:

(a) For damages equal to all past wages, salary, employment benefits, and seniority, denied and lost as a result of Washoe County's acts alleged herein;

(b) For damages equal to all future wages, salary, employment benefits, seniority, and promotions denied or lost as a result of Washoe County's acts alleged herein;

(c) For additional compensatory damages in an amount to be determined at trial;

(d) For liquidated damages for willful conduct permitted by 29 U.S.C. § 2617(a)(1)(A)(iii);

(e) For interest on all damages awarded;

(f) For equitable relief as may be appropriate;

(g) For attorneys' fees and costs incurred herein;

(h) For leave to amend this complaint should the same become necessary;

(i) For such other and further relief as this Court may deem appropriate.

**DATED** this 30th day of May, 2019.

DOYLE LAW OFFICE, PLLC

By: /s/ Kerry S. Doyle
KERRY S. DOYLE, ESQ.
NEVADA BAR NO. 10866
ATTORNEY FOR PLAINTIFF

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com